REXACH ET AL., PLAINTIFFS AND APPELLEES, v. WORKMEN'S RELIEF COMMISSION, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in Certiorari Proceedings.

No. 2552.—Decided July 14, 1922.

CERTIORARI—WORKMEN'S RELIEF COMMISSION—JURISDICTION.—A judgment entered in certiorari proceedings to review a decision of the Workmen's Relief Commission is null and void for lack of jurisdiction when the petition is filed after fifteen days from the date of service of notice of the decision to be reviewed.

ID.—RECONSIDERATION—APPEAL.—When the time within which an appeal may be taken has expired the right of appeal can not be revived by filing a motion for reconsideration whose purpose is to review questions decided by final judgment. The right to move for reconsideration is not granted by statute, but is a matter of grace depending greatly upon the will of the court in order to correct any error committed inadvertently. If the defeated party invokes the favor of the court for a second review of his case on certain points, he should bear in mind that in doing so he may deprive himself of

the right to appeal if the time within which an appeal may be taken expires during the proceedings on the motion for reconsideration. A motion for reconsideration does not operate to extend the time within which to appeal.

The facts are stated in the opinion.

*The Attorney General* and *Messrs. L. Samalea* and *C. Llauger* for the appellant.

*Messrs. J. Soto Rivera* and *M. M. Ginorio* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On October 1, 1919, Salvador Sánchez, who was cutting sugar cane on the Virginia plantation of Loiza in the employ of Rexach & Piñero, an agricultural partnership composed of José A. Rexach and Ignacio Piñero, wounded his right arm with his own cane-knife and thereby his right hand was rendered useless. The Workmen's Relief Commission took the matter in hand and on the 23rd of August, 1920, fixed the sum of $1,200 as the compensation to be paid to Sánchez, ordering that it be deposited in the general funds of the Commission and that the injured laborer be paid $15 monthly for eight years. The decision concluded with an order that when the case was settled action should be taken in accordance with "section 20 of Act No. 10 in force at the time of the accident, inasmuch as the employer was not insured."

The injured laborer secured a review of the decision of the Commission by certiorari proceedings brought in the district court for the purpose of having the compensation paid to him in full, instead of in instalments.

Let us see what participation Rexach & Piñero had in the matter. From the record it appears that on September 23, 1920, their attorney petitioned the Commission praying for "a review of the case, under a suspension of the running of the time allowed for an appeal." In this petition it was alleged that Rexach, the managing partner of the firm, was away, and that although it was known that a letter had

been addressed to him at Loiza on March, 2, 1920, summoning him to appear, the petitioner, the attorney for Rexach & Piñero, "had grave doubts as to whether or not the letter had reached its destination."

The petition was submitted to the Commission and on September 24, 1920, it was referred to a reporting committee and the Auditor was requested to give the date on which the employers had been insured.

There is in the record a certificate of the Auditor stating that the employers were insured on January 19, 1921, and had paid the full semi-annual premiums from the month of September, 1920.

On October 16, 1920, the district court disposed of the certiorari proceedings brought by Sánchez in the manner indicated, and on October 20, 1920, upon receiving the judgment of the court, the Commission adopted a resolution which is in part as follows:

"By reason of the foregoing judgment and in compliance therewith, the Commission reconsiders its decision of August 23, 1920, setting it aside totally, and orders that the case be proceeded with in the corresponding manner in order to arrive at a new decision."

At this juncture Sánchez appeared before the Commission and alleged that it was without jurisdiction to set aside its decision of August 23, 1920, for the following reasons:

"A. Because the judgments of this Commission, whether called decisions or resolutions, are conclusive as to the workmen, with the single exception of the case when the Commission decides that the workman is not entitled to compensation. *Carrero* v. *Diez & Pérez,* 27 P. R. R. 433, and *Rodríguez* v. *Workmen's Relief Commission,* 28 P. R. R. 596.—B. Because the workman is entitled to a review by certiorari of questions of law only, and it may be that in some cases such questions may affect in whole or in part the decision of the Commission and the judgment so rendered is binding upon the Commission or the workman, as the case may be.— C. Because employers who have not been assessed for premiums in accordance with the law have no right of appeal, hence a decision of the Commission against such an employer is final as to him from

the moment it is rendered.   (See the cases cited.)—D. Because in setting aside its reviewed decision the Commission failed to obey the order of the court that it proceed in accordance with the law to decide the only question reviewed, the manner of paying the compensation.   Because it is logical to suppose that the Commission rendered its decision of August 23 after a careful consideration of the case, and as the decision of the court was that the amount should be paid to the injured workman according to law and not in instalments, the conclusion to be reached by the Commission must be the same.—E. Because if it be admitted that after a decision of the Commission becomes final, and after it had been reviewed by a competent court which ordered compliance with certain statutory provisions in connection with such decision, the Commission could set aside the said decision in whole, it would create a precedent which would give rise to a considerable number of actions, producing in the end a general disobedience of the orders of the courts in Porto Rico.''

Thereupon, on February 18, 1921, the Commission decided as follows:

''In the case of Salvador Sánchez, No. 4042, the Commission heard the motion for reconsideration made by the employers on September 23, 1920, and the motion of the injured workman of November 24, 1920, and after having considered carefully all of the documents contained in the record of the case, including the order of the District Court of San Juan, Section 2, of October 16, 1920, in certiorari proceedings No. 1856, brought by the laborer, decided as follows: (*a*) That reconsideration is denied of the decision of this Commission of August 23, 1920, ordering the employers, who were not insured at the time of the accident, to pay to the injured workman the sum of $1,200 as compensation. (*b*) That the decision of this Commission of August 23, 1920, should be executed and it is ordered that the compensation granted to Salvador Sánchez be paid as a whole.''

The certiorari proceedings instituted by Rexach & Piñero in the district court sought to set aside that decision.   The case was heard and the district court rendered judgment on June 11, 1921, to the effect that the decisions of August 23, 1920, and February 18, 1921, of the Workmen's Relief Com-

mission, in so far as they adjudged that petitioners Rexach & Piñero should pay the sum of $1,200 and other sums for expenses to the injured workman, Salvador Sánchez, should be declared null and void and that at the time of the accident the petitioners were insured employers with a right to have the compensation paid out of the funds of the Commission.

The first question raised in the district court and in the appellant's brief is as follows:

"The court erred in not holding that the time within which certiorari proceedings could be brought had expired."

Section 28 of the Workmen's Compensation Act of 1918, as amended in 1919, Acts of 1919, p. 332, reads, in so far as pertinent, as follows:

"*Provided,* That on petition of the aggrieved party, the district court of competent jurisdiction may review upon certiorari any decision of the Workmen's Compensation Commission that shall have been rendered in violation of the provisions of this Act, where such a remedy is brought within the term of fifteen days from and after the service of notice of the decision complained of."

Which is the decision really complained of in this case? The appellant contends that it is the decision of August 23, 1920, and the appellees that it is the decision of February 18, 1921.

We have set forth the facts somewhat in detail and from them it may be deduced that the real decision which settled the case was that of August 23, 1920. The appellees themselves so understood when they presented their petition of September 23, 1920, for a reconsideration by the Commission of that decision and a suspension of the running of the time within which to appeal.

The Commission refused to reconsider its decision and took no action regarding the suspension. It was by virtue of the certiorari proceedings brought by the injured workman and not by the appellees that on October 20, 1920, after

receiving notice of the judgment of the district court and giving to it an amplitude which it evidently did not have, the Commission reconsidered and set aside its decision of August 23, 1920.

The appellees maintain that they could not appeal from a decision which had been set aside by the Commission itself. This reasoning loses all of its force on considering that when the order of October 20, 1920, was made the time allowed by law for the appellees to appeal from a decision which they had known of at least since September 23, 1920, the day on which they filed their petition, had expired.

In the case of *Rivera* v. *Medina et al.*, 28 P. R. R. 756, citing the note to *Conradt* v. *Lepper*, 3 Ann. Cas., 630, this court laid down the following doctrine:

"When the time within which an appeal may be taken has expired, the right of appeal can not be revived by the filing of a motion for rehearing for the sole purpose of reviewing matters which were determined by final judgment."

"The right to apply for a rehearing is not given by the statute, but is a matter of grace or favor, growing largely out of the willingness of the court to correct any inadvertent error. If the defeated party desires to invoke the grace of the court to the end that his case may be again reviewed upon certain specified points, he must consider that by doing so he may deprive himself of the right to an appeal, if the time allowed in which to pray for such appeal is consumed by the proceeding upon the petition for a rehearing. The petition for a rehearing has no effect to extend the time in which to pray for an appeal." *Vickers* v. *Tyndall*, 48 N. E. 214, citing *Sholty* v. *McIntyre*, 136, Ill. 33.

Considering all that has been said, it follows that the trial court committed the first error assigned, which is fundamental; therefore, the judgment must be reversed and the writ of certiorari annulled, without the necessity of passing upon the other errors assigned, all without special imposition of costs.

*Reversed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto con-
curred.